IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **ASHLEY BOX** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:22-cv-00130 |
| | § | |
| **JERRY TRENT RAINS, ARI FLEET LT, AND CORE AND MAIN LP** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that, on this date, Defendants ARI Fleet LT and Core and Main LP ("Defendants") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing this matter from 123rd Judicial District Court in Shelby County, Texas, to the United States District Court for the Eastern District of Texas, Lufkin Division. As grounds for removal, Defendants state as follows:

### I.   BACKGROUND

1.   On July 29, 2022, Ashley Box ("Plaintiff") filed a Plaintiff's Original Petition against Jerry Trent Rains and Defendants in the 123rd Judicial District Court, Shelby County, Texas captioned *Ashley Box v. Jerry Trent Rains, ARI Fleet LT, and Core and Main LP*, Cause No. 22CV36122.

2. Plaintiff's Petition concerns a motor vehicle collision that allegedly occurred on August 16, 2021, in Shelby County, Texas. (Petition., ¶ III) Plaintiff alleges she was traveling westbound on State Highway 7 in Shelby County, Texas. *Id*. Further, Plaintiff alleges Jerry Trent Rains was operating a vehicle owned by ARI Fleet LT and Core and Main LP. *Id*. Plaintiff alleges Jerry Trent Rains's failure to control the speed of the vehicle caused Plaintiff's vehicle to be rear--ended. *Id*. Plaintiff allege she sustained serious injuries as a proximate result of Defendant's acts and omissions. *Id*.

3. Plaintiff brought a negligence, negligent entrustment, negligent hiring, supervision, training, and retention, negligence per se, and gross negligence causes of action against Defendants. (Petition. ¶ IV- VIII).

4. Plaintiff seeks unliquidated damages for bodily injuries that she alleges to have suffered as a result of Defendants' negligence and gross negligence, including the following categories of alleged damages:

   a. Medical Expenses in the past;
   b. Medical Expenses that will reasonably incurred in the future;
   c. Loss of earning capacity in the past and in the future;
   d. Loss of care, maintenance, guidance, nurture, support, services, advice, and counsel;
   e. Pain and suffering in the past and the future;
   f. Mental anguish and emotional distress in the past and the future;
   g. Disfigurement;
   h. Impairment.

*See* Petition. ¶ IX.

## II.   VENUE AND JURISDICTION

5. Venue is proper in this Court under 28 U.S.C. §§ 81(a)(3), 1391, 1441(a), and 1446(a), because 123rd Judicial District Court, Shelby County, Texas, wherein Plaintiff filed her

Plaintiff's Original Petition, is a state court within the Eastern District of Texas. The accident occurred in Shelby County, Texas.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants; (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND DEFENDANT

7. "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citations and quotations omitted).

8. Plaintiff is a resident and a citizen of Texas. (Petition. ¶ 4) Defendant Core and Main LP is a limited partnership. (Petition. ¶ 5) Core & Main LP is a Florida limited partnership, with its principal place of business in St. Louis, Missouri. Its general partner is Core & Main Intermediate GP, LLC, which is a Delaware limited liability company with its principal place of business in Missouri. Its limited partner is Core & Main Midco, LLC, which is a Delaware limited liability company with its principal place of business in Missouri.

9. Thus, for the purpose of removal, Core and Main LP is a citizen of the States of Florida, Delaware, and Missouri. Defendant is not a citizen of Texas and diversity of citizenship exists as between Core and Main LP and Plaintiff because Plaintiff is a citizen of Texas.

10. ARI Fleet LT is a Delaware business trust that is wholly owned by Automotive Rentals, Inc. Automotive Rentals, Inc. is a citizen of New Jersey; Automotive Rentals, Inc. is a New Jersey corporation with its principal place of business in Mount Laurel, New Jersey. ARI Fleet LT's principal place of business is also in the State of New Jersey.

11. Neither Plaintiffs nor Defendants Core and Main LP and ARI Fleet LT are citizens of Texas. (Petition. ¶ II).

12. Defendant Jerry Trent Rains, while he is believed to be a resident of Texas, he has not been served with Plaintiff's Original Petition. Even though citation has not been requested, a return of service on Jerry Trent Rains has not been filed with the Shelby County District Clerk. Thus, Defendants Core and Main LP and ARI Fleet LT seek to invoke the Court's jurisdiction under the "snap removal" doctrine. *Texas Brine Co. v. American Arbitration Association,* 955 F.3d 482 (5th Cir. 2020).

13. Thus, for the purpose of this removal, the parties are diverse. Because Plaintiff is a citizen of Texas and all Defendants served, ARI Fleet LT and Core and Main LP, are not citizens of Texas, complete diversity of citizenship exists between all Plaintiff and all Defendants served in this case.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS

14. This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1). In her Plaintiff's Original Petition, Plaintiff specifically asserts in the Prayer that she is seeking "for the injuries and damages sustained by Plaintiff in excess of One Million and No/100 dollars $1,000,000.00." (Petition. ¶ Prayer, page 8).

15. Consequently, Plaintiff has asserted alleged damages well in excess of $75,000.00, exclusive of interest and costs, and therefore the minimum jurisdictional amount required for federal diversity jurisdiction has been fully satisfied. See *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Allen v. R & H Oil & Gas Co.,* 63 F.3d

1326, 1335 (5th Cir. 1995) (stating "in the typical diversity case, the plaintiff remains the master of his complaint")

### C.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

16.     This Notice of Removal is timely filed. Core & Main LP was served the Complaint on August 4, 2022. ARI Fleet LT was served on August 6, 2022. Because Defendants filed this Notice of Removal on September 6, 2022, the first business day after a holiday, removal is timely. See 28 U.S.C. 1446; *Fed. R. Civ. Pro.* 6(a)(C).

17.     A copy of this Notice of Removal will be promptly filed with the appropriate state court pursuant to 28 U.S.C. § 1446(d).

18.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

    a.  Exhibit A: Completed Civil Cover Sheet

    b.  Exhibit B: An Index of all Documents Filed in the State Court Case and Copies of Said Documents Filed at the Time of Removal;

    c.  Exhibit C: A Copy of the Docket in the State Court Case: and

    d.  Exhibit D: Separately Signed Certificate of Interested Persons.

19.     As required by 28 U.S.C. § 1446(d), Defendants has served a copy of the Notice of Removal on all adverse parties.

20.     Defendants assert its right to a trial by jury.

21.     Defendants do not waive any jurisdictional or other defenses available to it.

22.     Defendants reserve the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

### III. CONCLUSION

WHEREFORE, Defendants ARI Fleet LT and Core and Main LP request the Court remove this action from 123rd Judicial District Court in Shelby County, Texas, to the United States District Court for the Eastern District of Texas, Lufkin Division.

Respectfully submitted,

/s/ David M. Hymer
David M. Hymer
Texas State Bar No. 10380250
E-Mail: david.hymer@qpwblaw.com

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Phone: (214) 754-8755
Fax: (214) 754-8744

**ATTORNEY FOR DEFENDANTS
ARI FLEET LT & CORE & MAIN LP**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 6th day of September 2022, a true and correct copy of the foregoing document was served through the Court's electronic filing system to Plaintiff's counsel of record:

    Jeff B. Badders
    Matthew Hancock
    Heath Badders
    Badders Law Firm, PC
    4002 North Street
    Nacogdoches, Texas 75965
    Badders@Badderslaw.com
    Matt.H@Badderslaw.com
    Heath.Badders@Badderslaw.com

                              */s/ David M. Hymer*

                              **DAVID M. HYMER**