22CV36122

Filed 7/29/2022 8:36 AM
Lori Oliver
District Clerk
Shelby County, Texas
Jessica Burr

22CV36122

CAUSE NO. _____

| | | |
|---|---|---|
| **ASHLEY BOX** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **OF** |
| | § | |
| **JERRY TRENT RAINS,** | § | |
| **ARI FLEET LT, AND** | § | |
| **CORE AND MAIN LP** | § | |
| **Defendants.** | § | **SHELBY COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ASHLEY BOX, complaining of Defendants, JERRY TRENT RAINS, ARI FLEET LT, and CORE AND MAIN LP, and for cause of action would show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this case is intended to be conducted under Level III of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### RESIDENCE OF PARTIES

Plaintiff, Ashley Box, is a resident of Vidor, Orange County, Texas. The last three digits of her Texas Driver's License are: 824. The last three digits of her Social Security Number are: 407.

Defendant, Jerry Trent Rains, is a resident of Hudson, Angelina County, Texas and can be served with citation at his address 223 Mount Caramel Road, Lot#217, Hudson, TX 75904, or wherever he may be found.

Defendant, ARI Fleet LT, is a New Jersey Corporation conducting business in Texas and can be served with citation by serving its registered agent for service, Corporation Service Company, 1201 Hays Street, Tallahassee, Fl 32301, or wherever they may be found.

Defendant, Core & Main LP, is a Missouri Corporation conducting business in Texas and can be served with citation by serving its registered agent for service, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Mo 65101, or wherever they may be found.

## III.
## FACTUAL ALLEGATIONS

On or about August 16, 2021, in Shelby County, Plaintiff, Ashley Box, was driving a 2012 Hyundai Elantra traveling west on State Highway 7 near FM 711, when suddenly and without warning, Defendant, Jerry Trent Rains, driving a 2019 Ford F350, owned by defendants ARI Fleet LT and Core and Main LP, failed to control speed, and struck the back of Plaintiff's vehicle. As a result of this collision, Plaintiff suffered injuries to her head, back, neck, right shoulder, right hip, knees, and post-concussion syndrome.

## IV.
## CAUSES OF ACTION

At the time and on the occasion described above, Defendants, Jerry Trent Rains, ARI Fleet LT, and Core and Main LP, were guilty of the following acts of negligence:

1.     Failure to properly apply brakes in order to avoid the collision;

2.     Failure to maintain an assured clear distance between his vehicle and Plaintiff's vehicle;

3.    Driving at an excessive rate of speed; <u>Transportation Code Section 545.351</u>:

    (a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

    (b) An operator may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards existing; and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

    (c) An operator shall, drive at an appropriate reduced speed if the operator is approaching and crossing an intersection or railroad grade crossing; approaching and going around a curve; approaching a hill crest; traveling on a narrow or winding roadway; or if a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

4.    Failure to safely and reasonably control his own vehicle; and

5.    Driving in a reckless manner: <u>TRC 545.401 RECKLESS DRIVING; OFFENSE</u>.

    (a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

Each of the above-described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiff.

## V.
## NEGLIGENT ENTRUSTMENT

At the time and on the occasion above-described, Defendants, ARI Fleet LT and Core and Main LP, were independently guilty of the following acts of negligence:

Defendants, ARI Fleet LT and Core and Main LP, owed a duty to the public at large, and to Plaintiff specifically, upon entrusting one of the company's vehicles to be driven by Defendant, Jerry Trent Rains, to not allow an incompetent or reckless driver operate said vehicle. Defendants,

ARI Fleet LT and Core and Main LP, knew, or in the exercise of reasonable care, should have known, that their driver, Jerry Trent Rains, was an incompetent and/or reckless driver.

As shown above, Jerry Trent Rains was negligent in the operation of the vehicle owned and/or operated by ARI Fleet LT and Core and Main LP, and its negligence in entrusting the vehicle to Jerry Trent Rains was the proximate cause of the accident because ARI Fleet LT and Core and Main LP could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

## VI.
## NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION

Defendants, ARI Fleet LT and Core and Main LP, owed a duty to exercise reasonable care to the public at large, and to Plaintiff specifically, when hiring Jerry Trent Rains to make sure that he was competent and fit employee to drive a vehicle owned and/or operated by ARI Fleet LT and Core and Main LP. Furthermore, ARI Fleet LT and Core and Main LP owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately supervise and train Jerry Trent Rains and a duty to exercise ordinary care in retaining him, which includes the duty to remain knowledgeable about his competence or fitness.

ARI Fleet LT and Core and Main LP breached its duty by failing to use ordinary care in hiring, supervising, training, and retaining Jerry Trent Rains. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Jerry Trent Rains was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).

ARI Fleet LT and Core and Main LP's breach proximately caused the Plaintiff's injuries.

## VII.
## NEGLIGENCE PER SE

The actions and conduct of Defendants, set out in paragraph IV, are in violation of the traffic laws contained in Chapter 545 of the Transportation Code of the State of Texas, which constitutes negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiff.

## VIII.
## GROSS NEGLIGENCE

The wrong done by Defendants and/or their agents, servants, and officers was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## IX.
## DAMAGES

As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:

1.    Past physical pain, suffering, and mental anguish;

2.    Physical pain, suffering, and mental anguish that the Plaintiff will, in all reasonable medical probability, suffer in the future;

3.      Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;

4.      Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;

5.      Physical impairment to the person of the Plaintiff that has been incurred in the past

6.      Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, will suffer in the future;

7.      Loss of earnings in the past;

8.      Loss of earning capacity in the future;

9.      Physical disfigurement that Plaintiff has suffered in the past;

10.     Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future.

## X.
## DOCTRINE OF RESPONDEAT SUPERIOR

At the time of the collision in question, Defendant, Jerry Trent Rains, an agent, servant and employee of ARI Fleet LT and Core and Main LP, was in the course and scope of his employment at the time he collided into Plaintiff on the date in question.  Specifically, Plaintiff will show that Defendants, ARI Fleet LT and Core and Main LP, had the right to control all of the activities of Defendant, Jerry Trent Rains, at all times material hereto and that these activities included driving the vehicle involved in the collision in question.  Accordingly, Defendant, Jerry Trent Rains was in the course and scope of his employment with Defendants, ARI Fleet LT and Core and Main LP, at the time of the collision in question, and therefore, Defendants, ARI Fleet LT and Core and Main LP, is responsible for all of Plaintiff's damages under the doctrine of respondeat superior.

## XI.
## INTEREST

Plaintiff hereby seeks all Pre-Judgment and Post-Judgment Interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## XII.
## PLAINTIFF'S LIFE EXPECTANCY

According to the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66, No. 3 Plaintiff has a life expectancy of 83.5 years and Plaintiff intends to use a certified copy of the United States Life Tables, 2013 National Vital Statistics Reports; Vol. 66 No. 3, and offer same into evidence at the time of trial.

## XIII.
## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

## XIV.
## TRCP RULE 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff intends to use all documents produced by the Defendant as authenticated documents.

## XV.
## REQUEST FOR DISCLOSURE AND PRESERVATION

1.      Under TEXAS RULES OF CIVIL PROCEDURE 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

2.      The Defendants are hereby given notice that any document, other material, or item, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ashley Box, respectfully prays that upon final hearing she have judgment against Defendants, Jerry Trent Rains, ARI Fleet LT, and Core and Main LP, jointly and severally, for the injuries and damages sustained by Plaintiff in excess of One Million and No/100 dollars $1,000,000; for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which she may be entitled to receive.

Respectfully submitted,

BADDERS LAW FIRM, PC

*/s/ Jeff B. Badders*
JEFF B. BADDERS
State Bar No. 01496850
Badders@Badderslaw.com
Matthew Hancock
State Bar No. 24072138
Matt.H@Badderslaw.com
Heath Badders
State Bar No. 24101474
Heath.Badders@Badderslaw.com
4002 North Street
Nacogdoches, Texas 75965
(936) 564-6181 (telephone)
(936)564-8095 (facsimile)

Attorneys for Plaintiff- Ashley Box

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeffrey Badders on behalf of Heath Badders
Bar No. 24101474
badders@badderslaw.com
Envelope ID: 66788077
Status as of 7/29/2022 3:23 PM CST
Associated Case Party: Ashley Box

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Donna Thomas | | donna.thomas@badderslaw.com | 7/29/2022 8:36:08 AM | SENT |
| Jasmin Garcia | | jasmin@badderslaw.com | 7/29/2022 8:36:08 AM | SENT |
| Marlana Armendariz | | marlana@badderslaw.com | 7/29/2022 8:36:08 AM | SENT |

424 Mocking bird Lane
Nacogdoches, Texas 75964



CERTIFIED MAIL

7022 0410 0000 1219 6696



U.S. POSTAGE PAID
PCM LG ENV
NACOGDOCHES, TX
75965
AUG 08, 22
AMOUNT

$8.69
R2305M143866-7

1000        65101

Care & maen LP CSC-Lawyers Incorporating service Company
221 Bolivar Street
Jefferson City - Missouri ~~65101~~
                    65101